IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01380-MSK-MEH

DARRELL L. HAVENS,

    Plaintiff,
v.

WILLIAM (BILL) JOHNSON, Arvada Police Detective; and
CASE MANAGER FOR DARRELL L. HAVENS,

    Defendants.

---

## OPINION AND ORDER ADOPTING, IN PART, RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court pursuant to the Magistrate Judge's June 11, 2010 Amended Recommendation **(# 59)** that the Defendants' Motion for Summary Judgment **(#24)** be denied. On July 26, 2010, this Court issued an Order, purporting to provisionally adopt a recommendation that the Defendant's motion be <u>granted</u>,[1] but allowing the Plaintiff an

---

[1] The Magistrate Judge initially recommended **(# 57)** that the Defendants' motion be granted. Shortly thereafter, the Magistrate Judge observed that he "had inadvertently overlooked an allegation made by the Plaintiff in his response to the present motion, which has changed the Court's analysis of the issues." The Magistrate Judge then issued the Amended Recommendation **(# 59)**, finding that the Plaintiff had demonstrated a genuine issue of fact as to whether he was entitled to a tolling of the statute of limitations.
    This Court's July 26, 2010 Order stated the Court's understanding that the Magistrate Judge had recommended that the motion be granted. On the surface, it appears that the Court may have considered the original Recommendation rather than the Amended Recommendation. Nevertheless, were the Court to have considered the additional findings in the Amended Recommendation, the result would not have been different. In the Amended Recommendation, the Magistrate Judge explains that a genuine issue of fact regarding the tolling issue was created by the Plaintiff's production of a document that reflected the Plaintiff's admission to another hospital in September 2007, more than a year after the time period at issue here, which arguably ended in or about June 2007. That document notes that, at the time of admission, the Plaintiff

opportunity to submit supplemental evidence supporting his conclusory assertions that he was mentally incapable of filing the action earlier. The Court set a deadline of 21 days from the July 26, 2010 Order for the Plaintiff's submission of the supplemental evidence, and advised the Plaintiff that the failure to submit the evidence would result in the Court "adopt[ing] the Recommendation and grant[ing] the Motion for Summary Judgment."

More than 21 days have passed since the Court's July 26, 2010 Order, and the Plaintiff has not submitted any supplemental evidence or otherwise sought to address the concerns raised by the Court in the July 26 Order. Thus, for the reasons set forth in that Order, and upon *de novo* review, the Court **ADOPTS IN PART** the Magistrate Judge's Amended Recommendation **(#59)**, finding that the Magistrate Judge correctly recited the operative facts and the governing law, and **REJECTS IN PART** the Amended Recommendation, insofar as the Court finds that the evidence tendered by the Plaintiff regarding his allegedly disabling mental impairment is conclusory and insufficient to demonstrate that the Plaintiff was indeed suffering from a mental impairment during the time period at issue sufficient to warrant a tolling of the statute of

---

was taking three medications. The Magistrate Judge found that the simple fact that the Plaintiff was taking these medications in September 2008 created a genuine issue of fact as to whether "he was . . . receiving medications [in June 2007] that affected his mental capacity." Were this Court to have considered the Amended Recommendation, it would have declined to adopt it, insofar as the document in question does not reflect when the Plaintiff began taking the listed medications, what (if any) medications the Plaintiff was taking in June 2007, nor how any medications the Plaintiff was taking in June 2007 affected the Plaintiff's mental abilities at that time.

limitations. The Defendants' Motion for Summary Judgment **(# 24)** is **GRANTED** on the grounds that this action was not timely commenced and the statute of limitations was not tolled by the Plaintiff's condition.

Dated this 23d day of August, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge