IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01380-MSK-MEH
(Consolidated with 11-cv-00490-REB-BNB)

DARRELL L. HAVENS,

    Plaintiff,

v.

WILLIAM JOHNSON, Arvada Police Detective, in his individual and official capacities,
R.J. VANDER VEEN, Arvada Police Detective, in his individual and official capacities,
LINK STRATE, Arvada Police Sergeant, in his individual and official capacities,
DON WICK, Arvada Police Chief, in his individual and official capacities,
C.J. BICKMORE, Arvada Police Detective, in his individual and official capacities,
MARKS GRUEBER, Arvada Police Detective, in his individual and official capacities,
MILES HEIVILN, Arvada Police Detective, in his individual and official capacities,
IAN KILDOW, Arvada Police Detective, in his individual and official capacities,
MARK MANTYCH, Arvada Police Detective, in his individual and official capacities,
MIKE ROEMER, Arvada Police Detective, in his individual and official capacities,
ERIC STRASHEIM, Arvada Police Detective, in his individual and official capacities,
ARVADA POLICE DEPARTMENT,
ROBERTO RAMIREZ, Arvada City Attorney, in his individual and official capacities,
CITY OF ARVADA,
TIM BEALS, Lone Tree Police Detective, in his individual and official capacities,
TODD PACHELLO, Lone Tree Police, in his individual and official capacities,
LONE TREE POLICE DEPARTMENT,
CITY OF LONE TREE,
RICARDO HERNANDEZ, Mountain View Detective, in his individual and official capacities,
MOUNTAIN VIEW POLICE DEPARTMENT,
TOWN OF MOUNTAIN VIEW,
DENVER METRO AUTO THEFT TEAM,
ROBERT WILSON, Denver Police Officer, in his individual and official capacities,
DENVER POLICE DEPARTMENT,
CITY AND COUNTY OF DENVER,
BILLY MAYFIELD, Colorado State Patrol, in his individual and official capacities,
SCOTT BEAUVAIS, Colorado State Patrol, in his individual and official capacities,
ZACH MURRAY, Colorado State Patrol, in his individual and official capacities,
KELLY PICKERING, Colorado State Patrol, in his individual and official capacities,
COLORADO STATE PATROL,
DAVID MICHAUD, Colorado Board of Parole, in his individual and official capacities,
BECKY R. LUCERO, Colorado Board of Parole, in her individual and official capacities,
DEBORAH C. ALLEN, Colorado Board of Parole, in her individual and official capacities,
MICHAEL E. ANDERSON, Colorado Board of Parole, in his individual and official capacities,
MICKEY HECKENBACH, Colorado Board of Parole, in her individual and official capacities,
REBECCA L. OAKES, Colorado Board of Parole, in her individual and official capacities,

CELESTE M. QUINONES, Colorado Board of Parole, in her individual and official capacities,
COLORADO BOARD OF PAROLE,
WILLIAM BRIAN SANDY, Colorado State Parks, in his individual and official capacities,
COLORADO STATE PARKS,
STATE OF COLORADO,

    Defendants.

---

**ORDER RE: MOTIONS TO STAY DISCOVERY**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant Tim Beals' Motion to Stay Discovery [filed December 19, 2011; docket #128], a Motion to Stay Discovery Pending Determination of Qualified Immunity filed by Defendants Ramirez, Johnson, Mantych, Bickmore, VanderVeen, Roemer, Kildow, Heivilin, Grueber, Strate, Strasheim, Wick, Arvada Police Department and City of Arvada ("Arvada Defendants") [filed December 19, 2011; docket #136], Defendant Robert Wilson's Motion to Stay Discovery [filed December 19, 2011; docket #138], Defendant Todd Pachello's Motion to Stay Discovery [filed December 19, 2011; docket #140], and a Motion for Protective Order and to Stay Discovery filed by Defendants State of Colorado, Colorado State Patrol, Colorado State Parks, Colorado Board of Parole, Mayfield, Murray, Beauvais, Pickering, Sandy, Michaud, Lucero, Anderson, Allen, Heckenbach, Oakes and Quinones [filed December 20, 2011; docket #142]. The motions are referred to this Court for disposition. (Dockets ##141, 143, 144, 145, 146.) The motions are fully briefed, and the Court has determined that oral argument will not assist in the adjudication of the motions. For the reasons that follow, the Court **GRANTS** the motions.

**I.**    **Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as pursuant to 42

U.S.C. § 1981 and state law claims for negligence, obstruction of justice, abuse of process, civil conspiracy and unlawful imprisonment. (Docket #119 at 35-68.) Plaintiff asserts his claims against each individual Defendant in his or her individual and official capacities. (*Id.* at 1-7.) All Defendants responded to Plaintiff's consolidated Complaint with motions to dismiss. (Dockets ##123, 124, 126, 127, 129, 130, 132, 134, 137, 139, and 147.) The individual Defendants Beals, Ramirez, Johnson, Mantych, Bickmore, VanderVeen, Roemer, Kildow, Heivilin, Grueber, Strate, Strasheim, Wick, Wilson, Pachello, Mayfield, Murray, Beauvais, Pickering, Sandy, Michaud, Lucero, Anderson, Allen, Heckenbach, Oakes, Quinones, and Hernandez all assert an entitlement to qualified immunity. (*Id.*) In addition, the Defendant parole board members claim absolute immunity, the state Defendants assert Eleventh Amendment immunity, and the municipal Defendants claim immunity pursuant to the Colorado Governmental Immunity Act (CGIA).

In the motions at hand, Defendants request that discovery be stayed pending resolution of the immunity defenses and jurisdictional challenges stated in their motions to dismiss.

**II.   Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive or declaratory (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion

3

for summary judgment. *Id*. at 643-44.

As set forth above, all individual Defendants in this case assert an entitlement to qualified immunity. Plaintiff sues each of the Defendants in both their individual and official capacities; however, Plaintiff seeks only monetary damages and does not include requests for injunctive or declaratory relief in his Complaint. (*See* docket #119 at 68-69.) The case is still in the early stages of litigation; a scheduling conference was recently held, and Defendants responded to Plaintiff's consolidated Complaint with the pending motions to dismiss that could fully dispose of Plaintiff's claims before engaging in the discovery process. Under these circumstances, the Court concludes that a temporary stay of discovery is appropriate with respect to that directed to the individual Defendants.

With respect to the entity (and official-capacity) Defendants, the "State" Defendants assert Eleventh Amendment sovereign immunity. "Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit." *University of Tex. at Austin v. Vratil,* 96 F.3d 1337, 1340 (10th Cir. 1996) (citation omitted). Eleventh Amendment state sovereign immunity applies to the state itself as well as "to state officials sued in their official capacities for retrospective monetary relief." *Brock v. Herbert,* 435 F. App'x 759, 763 (10th Cir. 2011) (unpublished) (citation omitted).

In this matter, Plaintiff sues the State of Colorado as well three state entities and twelve individual state Defendants in their official capacities. As set forth in the consolidated Complaint, the Plaintiff seeks an award of monetary damages for his claims against these Defendants. Thus, the Court finds that the claims against these Defendants for money damages are potentially barred by Eleventh Amendment sovereign immunity. In consideration of the Tenth Circuit's instruction regarding the protections inherent in Eleventh Amendment immunity, the Court concludes that a temporary stay of discovery is appropriate as to that directed to the State entity and official-capacity

Defendants pending resolution of the motions to dismiss.

The "municipal" entity and official-capacity Defendants claim sovereign immunity based upon the CGIA. Defendants cite § 24-10-108[1] of the Act for the proposition that discovery should be suspended upon the assertion of immunity under the statute. Specifically, the statute states, in pertinent part: "If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion." Colo. Rev. Stat. § 24-10-108. Interpreting this statute, the Colorado Supreme Court has emphasized the importance of resolving the immunity question prior to trial (i.e., in a motion to dismiss pursuant to Rule 12(b)) and promotes a procedure "that courts must use to resolve issues of immunity [which] includes discovery, ruling without hearings, and affording parties the opportunity to request *Trinity* hearings." *Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1260 (Colo. 2003) ("factual issues ... should be resolved by motions to dismiss pursuant to C.R.C.P. 12(b)(1). ... consistent with C.R.C.P. 12(b)(1), we permit[ ] trial courts to 'allow limited discovery and conduct an evidentiary hearing' to resolve questions of fact.") (citing *Trinity Broadcasting of Denver v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993)).

In this case, discovery commenced upon the issuance of the Scheduling Order in November 2011. However, the municipal entity and official-capacity Defendants raised the defenses of sovereign immunity pursuant to the CGIA shortly thereafter on December 19, 2011. That same day, the Defendants also filed motions in which they seek a stay of discovery pursuant to § 24-10-108; however, based upon a review of the statute and case law interpreting it, this Court concludes that

---

[1]The official-capacity Defendants cite Colo. Rev. Stat. § 24-10-118 (2.5) for the same proposition; this subsection is identical to subsection 108, except that it provides for a "public employee" as opposed to a "public entity."

the proper procedure is for discovery to halt as to those claims against which the Defendants assert CGIA immunity in a Rule 12(b) motion, and for the Court to determine from the briefing whether further discovery is necessary to resolve issues of immunity.

Here, the Plaintiff has not yet filed responses to the motions to dismiss; therefore, the Court cannot yet determine whether discovery is necessary to resolve immunity issues. While Plaintiff responded to the motions to stay claiming discovery is necessary to glean "information relating to what role or duties each of the Defendant[s] had on the night of the shooting," the Court finds Plaintiff's summary argument insufficient to determine whether discovery is necessary to resolve any specific issues of immunity. As such, discovery is stayed as to those claims for which the "municipal" entity and official-capacity Defendants have asserted sovereign immunity pursuant to the CGIA, until such time as the Court determines discovery may be necessary to resolve the immunity claims, or otherwise rules on the motions to dismiss.

The Court notes that Defendants raise the CGIA immunity defense pursuant to only five of Plaintiff's eleven stated claims. As such, the Court must determine whether to impose a temporary stay of discovery on *all* claims against these Defendants.

In determining whether to grant a stay, courts in this district typically balance the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, at *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Here, the Plaintiff asserts a strong interest in proceeding expeditiously, particularly due to the age of the case, and summarily claims he "will be prejudiced by further delay."

6

On the other hand, the Defendants claim that a stay of proceedings as to *all* claims is warranted to avoid the burden and potential prejudice resulting from any requirement to participate in discovery that may be proceeding as to claims that are the same or similar to those claims for which discovery has been stayed. *See, e.g.,* docket #136 at 5; docket #140 at 4; docket #148 at 3. As set forth in the consolidated Complaint, federal claims against the municipal entity and official-capacity Defendants include, but are not necessarily limited to, alleged constitutional violations for failure to train and/or supervise, and for customs, policies and practices of using excessive force. The Court finds that these claims are sufficiently similar to the state law claims for which discovery has been stayed as to reasonably assume that discovery will be required concerning the same or similar issues. Thus, requiring Defendants to proceed with discovery on the constitutional claims would render meaningless the mandatory stay imposed pursuant to statute.

Moreover, the Court finds that allowing discovery to continue in this matter against the government defendants would not serve the interests of judicial economy and efficiency; discovery has not yet begun and no trial has been set in this case. The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Accordingly, the Court finds that the burden and prejudice on the Defendants, as well as

the convenience to the Court, outweighs any potential prejudice to the Plaintiff in staying discovery on all claims against the municipal Defendants.

Consideration of the remaining *String Cheese Incident* factors does not tip the balance either way. In light of the governing case law as stated herein, the Court concludes that a stay of discovery as to all Defendants is appropriate in this matter, pending resolution of the motions to dismiss.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Tim Beals' Motion to Stay Discovery [filed December 19, 2011; docket #128], a Motion to Stay Discovery Pending Determination of Qualified Immunity filed by Defendants Ramirez, Johnson, Mantych, Bickmore, VanderVeen, Roemer, Kildow, Heivilin, Grueber, Strate, Strasheim, Wick, Arvada Police Department and City of Arvada ("Arvada Defendants") [filed December 19, 2011; docket #136], Defendant Robert Wilson's Motion to Stay Discovery [filed December 19, 2011; docket #138], Defendant Todd Pachello's Motion to Stay Discovery [filed December 19, 2011; docket #140], and a Motion for Protective Order and to Stay Discovery filed by Defendants State of Colorado, Colorado State Patrol, Colorado State Parks, Colorado Board of Parole, Mayfield, Murray, Beauvais, Pickering, Sandy, Michaud, Lucero, Anderson, Allen, Heckenbach, Oakes and Quinones [filed December 20, 2011; docket #142] are **granted**. Discovery as to all Defendants is stayed pending resolution of the motions to dismiss. The parties shall file a status report within ***three business days*** of receiving a ruling on the motions to dismiss, indicating what scheduling, if any, is needed. The Status Conference scheduled for January 13, 2012, is hereby **vacated**.

Entered and dated at Denver, Colorado, this 12th day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

9

        Michael E. Hegarty
        United States Magistrate Judge