**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 09-cv-01380-MSK-MEH
consolidated with 11-cv-00490-MSK-MEH**

**DARRELL HAVENS,**

      **Plaintiff,**

**v.**

**WILLIAM JOHNSON, and
WILLIAM BRIAN SANDY,**

      **Defendants.**

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION
AND FOR LEAVE TO FILE AMENDED CONSOLIDATED COMPLAINT**

---

**THIS MATTER** comes before the Court on the following motions: (1) Plaintiff Darrell Havens' Motion For Reconsideration Pursuant to F.R.C.P. 59(e) **(#241)**, to which many Defendants responded **(#261, 262, 265, 267, 269, 270, 272, 274)**, and Mr. Havens replied **(#279, 281, 282, 283, 286, 287, 288, 290)**; (2) Defendant William Brian Sandy's Motion to Dismiss **(#238)**, to which Mr. Havens responded **(#260)**, and Defendant Sandy replied **(#276)**; and (3) Mr. Havens' Motion for Leave to File Amended Consolidated Complaint **(#231, 245)**, to which many Defendants responded **(#263, 266, 268, 271, 273, 275, 278)**, and Mr. Havens replied **(#280, 284, 285, 289, 291, 292)**. The Motion for Leave to File Amended Consolidated Complaint was referred to the Magistrate Judge, who issued a Recommendation **(#294)** that the motion be granted in part and denied in part. Mr. Havens filed Objections **(#296)** to the Recommendation, as did former Defendants C.J. Bickmore, Miles Heivlin, Mike Roemer, Eric

1

Strasheim, and Link Strate **(#295)**. Having reviewed these and the record, the Court finds and concludes as follows.

## I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Procedural Background

The facts of this case are set forth in the Court's March 13, 2012 Opinion and Order **(#219)** and will not be restated here. It is useful, however, to set forth the procedural context in which the instant motions were filed.

On June 4, 2009, Mr. Havens initiated this action against Defendant William Johnson. Mr. Havens asserted a claim of excessive force under 42 U.S.C. § 1983 for events that occurred during his arrest on January 3, 2007. On August 23, 2010, the Court granted Defendant Johnson's motion for summary judgment on grounds that the claim was time barred. Thereafter, Mr. Havens moved for relief from that judgment under Fed. R. Civ. P. 59(e), arguing that the applicable two-year statute of limitations should be tolled. While that motion was pending, Mr. Havens initiated a second federal action on February 28, 2011 (11-cv-490), asserting additional claims against several Defendants, including Defendants Sandy, Bickmore, Heivlin, Roemer, Strasheim, and Strate. Most of the claims asserted in 11-cv-490 arose out of the January 2007 incident.

At a hearing on November 3, 2011, the Court granted **(#114)** Mr. Havens' Rule 59(e) motion, finding that the statute of limitations was equitably tolled through June 4, 2007, thus making the instant action timely filed. The Court also granted Mr. Havens' motion **(#89)** to consolidate his two cases, 09-cv-1380 and 11-cv-490. At the time, the Court anticipated that the

cases would be jointly administered under a single caption and the separately pled claims and pending motions would be resolved.

However, without request or leave, Mr. Havens filed a Consolidated Complaint **(#119)** in this case. It appears to incorporate all of the claims made in his second case, 11-cv-490. The Defendants with pending motions to dismiss in 11-cv-490 filed similar, but not identical, motions in this case.

On March 13, 2012, the Court ruled **(#219)** on several Defendants' motions to dismiss claims in the Consolidated Complaint. The Court observed that "the Plaintiff has used the Consolidated Complaint in 09-cv-1380 to swallow up 11-cv-490 in its entirety," and attempted to resolve all pending issues in 11-cv-490. To the extent any outstanding issues remained in 11-cv-490, the Court permitted the Defendants to refile their motions in this case. The Court dismissed all of Mr. Havens' claims except for his § 1983 claims of excessive force against Defendants Johnson, Sandy, and Ricardo Hernandez under Fed. R. Civ. P. 12(b)(6).[1] Because Mr. Havens had been given several opportunities to amend his claims, the Court did not reflexively grant him leave to amend the Consolidated Complaint. Instead, the Court directed that "[i]f Mr. Havens believes that he can adequately allege additional claims, within 14 days he may file an appropriate motion seeking leave to amend, tendering a proposed amended pleading that clearly and conspicuously indicates the material that is allegedly sufficient to overcome the pleading deficiencies identified here."

Since that March 13, 2012 Order, Defendant Sandy filed a Motion to Dismiss that is at issue **(#238)**. He argues, among other things, that Mr. Havens' claims him are time barred because they were not brought until February 2011 after the applicable statute of limitations expired. Mr. Havens responds that he is entitled to tolling of the statute of limitations through

---

[1] All claims against Defendant Hernandez have since been dismissed **(#328)**.

the date of the filing of 11-cv-490.  In addition, Mr. Havens seeks reconsideration[2] **(#241)** of the

March 13, 2012 Order, and leave to amend the Consolidated Complaint **(#231, 245)**.[3]  The

Defendants respond that amendment of the Consolidated Complaint would be futile because Mr.

Havens' claims are time barred.

### III.  Issues Presented

Defendant Sandy moves to dismiss under Rule 12(b)(6) on the ground that the claims

against him are barred by the applicable statute of limitations.  For the same reason, Defendants

Bickmore, Heivlin, Roemer, Strasheim, and Strate object to the Recommendation, arguing that

amendment of the Consolidated Complaint would be futile.  The issue presented by these

---

[2]  The Federal Rules of Civil Procedure do not expressly authorize motions to reconsider. Such a motion is appropriate where the Court misapprehended the facts, a party's position, or the controlling law.  In this context, the Court considers those possibilities and the requirements for a Rule 59(e) motion.  To grant a motion under such rule requires consideration of (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Mr. Havens has not alleged the existence of any circumstance that would warrant granting his Rule 59(e) motion.  Rather, he iterates the same facts and allegations that he presents in his Consolidated Complaint.  Finding no misapprehension of facts, the parties' positions, or the law, Mr. Havens' Motion for Reconsideration is denied.

[3]  The matter of amendment was referred to the Magistrate Judge, whose Recommendation **(#294)** is that the motion be granted in part and denied in part.  Without addressing the applicable statute of limitations, the Recommendation determined that the proposed Amended Consolidated Complaint would state plausible claims of excessive force against Defendants Bickmore, Heivlin, Roemer, Strasheim, and Strate (claims which had been previously dismissed).  As to all other claims, the Recommendation determined that amendment would be futile because the proposed Amended Consolidated Complaint did not overcome the pleading deficiencies previously identified by the Court.
 All parties object to the Recommendation.  Defendants Bickmore, Heivlin, Roemer, Strasheim, and Strate object on the same grounds now urged by Defendant Sandy.  They argue that Mr. Havens' claims are time barred, and thus, amendment would be futile.  Mr. Havens has not responded to these objections.  Mr. Havens objects to the Recommendation insofar as it finds that amendment of his Eighth Amendment, *Monell*, and state law claims would be futile.
 Because of the common issue with regard to the effect of the statute of limitations, the Court elects not to address the objections *per se*, but instead to consider the underlying motions *de novo*.  *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

motions, as well as those addressed in the Recommendation, is whether Mr. Havens' claims, first asserted in 11-cv-490, are barred by the applicable statute of limitations.

The parties agree that claims first asserted in 11-cv-490 were untimely brought under the applicable two-year statute of limitations, and that they do not relate back to the filing of the Complaint in this case (for which the applicable statute of limitations was tolled). However, Mr. Havens argues that the applicable statute of limitations was also tolled as to the claims first asserted in February 2011. Thus, the issue presented is whether the applicable statute of limitations was tolled such that the filing of 11-cv-490 in February 2011 was timely.

### IV. Standard of Review

In addressing this issue, the Court accepts all well-pled allegations in the 11-cv-490 Complaint as true, and views those allegations in the light most favorable to Mr. Havens. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). The claims cannot be dismissed for failure to state a claim unless it appears beyond doubt that he can prove no set of facts in support of his claim that would entitle him to relief. *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001). The Court limits its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxedine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). When dismissal is sought on statute of limitations grounds, the moving defendant has the burden of demonstrating that, on the face of the Complaint, the claim is untimely; if the defendant carries that burden, the plaintiff then has the burden of coming forward with facts justifying tolling the statute of limitations. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

### V.  Analysis

In a § 1983 action, state law governs issues regarding the statute of limitations and tolling, although federal law governs the determination of when a § 1983 action accrues. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).  In Colorado, the statute of limitations for § 1983 actions is two years from the time the cause of action accrues.  C.R.S. § 13-80-102(1)(g); *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).  A civil rights action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

This statute of limitations may be tolled either by statute or based upon equitable considerations.  Mr. Havens relies on C.R.S. § 13-81-103, which provides that if a person is "under disability" and without a legal representative, the statute of limitations does not begin to run against that person until either the disability is removed or the person has a legal representative.  *See Terry v. Sullivan*, 58 P.3d 1098, 1100 (Colo. App. 2002).  As pertinent here, a "person under disability" includes a "mental incompetent, or a person under other legal disability and who does not have a legal guardian."  C.R.S. § 13-81-101(3).  Under C.R.S. § 27-10.5-135, the term "mental incompetent," when used in Colorado statutes, refers to "the insane" or to "a person with a developmental disability."  *See also Southard v. Miles*, 714 P.2d 891, 898-99 (Colo. 1986).  Insanity is defined under C.R.S. § 16-8-101 as the inability to distinguish right from wrong.

In an attempt to extend the tolling period to claims first brought in February 2011, Mr. Havens now makes two arguments: (1) under C.R.S. § 13-81-103(1)(a), he was a "person under a disability" until he obtained legal representation in February 2011; and (2) he was a "person under disability" not only for six months preceding the filing of this action, but also after that

6

date. Indeed, he has remained "physically, emotionally, and mentally incapacitated" and "will remain in that capacity for an indefinite time into the future."

Mr. Havens' first argument is unavailing. When a person is subject to a disability as defined by C.R.S. § 13-81-103(1)(a), an applicable statute of limitations is tolled until either the disability ceases or a legal representative is appointed for the person. For purposes of the statute, "legal representative" is defined as an individual "duly appointed by a court having jurisdiction of any person under disability or his estate." C.R.S. § 13-81-101. There is nothing in the record that suggests that any court has appointed someone to act on Mr. Havens' behalf. Assuming that Mr. Havens has consistently been under a disability, his hiring of counsel does not equate with having a legal representative appointed to act for him.

Unfortunately, Mr. Havens does not make any specific showing that his condition prior to February 2011 satisfies the statutory definition of "person under disability." He does not allege that he was insane, suffered from a developmental disability, or suffered from any other legal disability in February 2011. Instead, he argues that his physical limitations are sufficient to constitute a disability under the statute.

Mr. Havens made the same "disability" argument under § 13-81-103 with regard to the filing of his Complaint in this case. After receiving and considering evidence and argument at a November 3, 2011 hearing, the Court found that Mr. Havens had not established the prerequisites for statutory tolling, but that his physical injuries and recovery following his 2007 arrest constituted extraordinary circumstances that justified equitable tolling of the statute of limitations for six months to include the date of the filing of the Complaint in this action. Mr. Havens has offered no law, and the Court has found none, that would support a finding that his continuing physical impairment would satisfy the definition of disability under §13-81-103.

Indeed, such an interpretation would be impractical and inconsistent with the purposes of a statute of limitation. Using Mr. Havens' reasoning, unless a representative was appointed for a person with a physical disability, such person would never be subject to any statute of limitation.

The Court then turns to the question of whether equitable tolling should extend to February 2011 for the claims filed in 11-cv-490. Equitable tolling requires a finding that extraordinary circumstances prevented Mr. Havens from bringing his claims until February 28, 2011. *See Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004). That is not the case here. Mr. Havens had sufficient ability (albeit hampered by his physical limitations) to file the Complaint in this case in 2009. Then, Mr. Havens spent over a year actively litigating this case against Defendant Johnson without the assistance of any attorney. He offers no explanation as to how he was able to bring and pursue this case, but was physically, emotionally, or mentally unable to assert claims against other Defendants arising from the same incident until February 28, 2011.

The only argument that begins to touch on this issue is Mr. Havens' contention that until he obtained legal representation in February 2011, he was unable to "fully evaluate the totality of the circumstances that led to the incident." Either this is an argument that the absence of counsel is an extraordinary circumstance that justifies equitable tolling, or it is an argument that the claims should not have accrued until Mr. Havens was able to "fully evaluate" the case. Neither have merit.

A plaintiff is not required to have counsel, nor is he or she entitled to representation at public expense. Accordingly, from an abstract perspective, the absence of counsel would not be an extraordinary circumstance that would justify equitable tolling. Indeed, as noted, Mr. Havens' lack of counsel did not prevent him from bringing or prosecuting this action.

As to the interplay between the accrual of a claim and representation of counsel, the Court observes that the statute of limitations at issue begins to run when a person becomes aware of an injury that gives rise to a claim. Here, all the claims arising from the 2007 arrest began to accrue when Mr. Havens became aware of his injuries, approximately two and one-half years before this action was filed. The accrual of his claims is not affected by his lack of awareness of all evidence that might be relied on to assert a claim, or various legal theories that might be asserted. *See Price*, 420 F.3d at 1162; *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004) (a plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations). It may have been prudent or helpful to have an attorney assess Mr. Havens' claims and the available evidence, but the lack of legal representation has no effect on the accrual of his claims.

The statute of limitations for all claims arising from Mr. Haven's arrest in 2007 was tolled until June 4, 2007. Thus, the limitations period ended on June 4, 2009, the date of the filing of this action. However, the applicable statute of limitations was not statutorily or equitably tolled beyond that date. As a result, all claims arising from the 2007 arrest that were first asserted in February 2011 are time barred. All claims against Defendant Sandy must be dismissed, and the proposed amendment to Mr. Havens' Consolidated Complaint to restate claims against Defendants Sandy, Bickmore, Heivlin, Roemer, Strasheim, and Strate would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Claims asserted in 11-cv-490 that arose from events occurring after Mr. Haven's arrest in January 2007[4] may have been timely asserted, but were previously dismissed on other grounds.

---

[4] For example, the Consolidated Complaint asserts claims under the Eighth Amendment, Equal Protection Clause, and state common-law, related to the denial of medical parole in 2010. It also asserts claims under *Monell v. Dept. Social Services*, 436 U.S. 658 (1978), for failing to train,

9

Having reviewed the proposed amendment of the Consolidated Complaint, the Court finds it to be futile because it does not address the pleading deficiencies previously identified.

## VI.  Conclusion

For the forgoing reasons, Mr. Havens' Motion for Reconsideration Pursuant to F.R.C.P. 59(e) **(#241)** is **DENIED**.  Defendant William Brian Sandy's Motion to Dismiss **(#238)** is **GRANTED**.  Mr. Havens' claims against Defendants Sandy are dismissed, and all future pleading should omit him from the caption.  Mr. Havens' Motion for Leave to File Amended Consolidated Complaint **(#245)** is **DENIED**.

Dated this 18th day of January, 2013.

                                  **BY THE COURT:**

                                  */s/ Marcia S. Krieger*

                                  Marcia S. Krieger
                                  Chief United States District Judge

---

supervise, and discipline officers, as well as numerous state common-law "conspiracy" claims that relate to "false statements" made by the officers.